## Johnson *v.* Bickerton, Appellant.

*Negligence—Automobiles—Collision with—Case for jury.*

In an action to recover damages for personal injuries the case is for the jury and a verdict for plaintiff will be sustained where it

appeared that the defendant was driving past a street intersection at the rate of fifteen miles an hour, collided with another vehicle and swerving suddenly to the left, struck the plaintiff, who was proceeding along the right-hand side of the street.

Argued April 28, 1924.   Appeals, Nos. 51 and 52, April T., 1924, by defendant, from judgment of C. P. Allegheny Co., April T., 1920, No. 559, on verdict for plaintiff in the case of Lewis P. Johnson, a Minor, by his Mother and Next Friend, Carrie A. Johnson, v. B. L. Bickerton. Before HENDERSON, TREXLER, KELLER, LINN and GAW-THROP, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff, Carrie A. Johnson, in the sum of $1,000, and for the plaintiff, Lewis F. Johnson, in the sum of $2,000, and judgment thereon.   Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Charles A. Lewis,* for appellant.

*C. J. Tannehill,* and with him *Rody F.* and *Meredith R. Marshall,* for appellee.

OPINION BY HENDERSON, J., July 2, 1924:

The plaintiff was injured in a collision between a motorcycle on which he was riding and a motor truck driven by an employee of the defendant.  The vehicles were moving in opposite directions on State Street in the Boro of North Clairton.  The accident occurred at the intersection of State Street and Maple Avenue at about the south line of the latter street.  There is a building at the

southeast corner of the intersecting streets. The evidence shows that the truck was moving northwardly at a speed of fifteen miles or more an hour as it approached Maple Avenue and that as it came near to that street a horse attached to a wagon was driven along the avenue westwardly across the line of State Street. The truck struck the horse and knocked it down whereupon the driver, as shown by evidence for the plaintiff, turned the truck toward the west line of State Street where he came in collision with the plaintiff's motorcycle. As described by the plaintiff's witnesses, the collision occurred on the left side of the street along which the truck was moving and therefore on that portion of the street on which the plaintiff had the right of way. One of the charges of negligence was that the car was driven at an excessive rate of speed and that the driver was not giving attention to his task at the time of the accident. Discussion is not necessary to show that the court could not with propriety have given binding instructions for the defendant on the evidence presented by the plaintiff. The truck was approaching a crossing where the view to the right was obstructed by the building on the corner; the situation was one requiring care. It was the duty of the driver of the truck to have his machine under such control that it could be promptly stopped if a collision were imminent. If he arrived at the crossing at a speed of fifteen miles an hour without an opportunity to see what might be approaching along Maple Avenue from the east, the jury could well say that he was negligent under the circumstances, and if, as shown by the plaintiff, to release himself from the entanglement involved in the striking of the horse, he turned the car to the west side of State Street and there intercepted the plaintiff, it would not be an unwarranted inference that the plaintiff's injury resulted because the driver of the truck acted in a reckless manner.

The contention that the verdict was against the weight of the evidence and excessive was not sustained by Judge

SHAFER in the court below and we are not convinced that the action on that subject is erroneous. A clear case is required to move an appellate court to reverse for the refusal to grant a new trial. The whole controversy here was one of fact in which witnesses gave different descriptions of the occurrence. There is nothing impossible or improbable in the narratives of the plaintiff's witnesses and the jurors were best qualified to pass on the credibility of their evidence.

The assignments are overruled and the judgment is affirmed.